UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JORGE CARRANZA and SHARIE CARRANZA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:15-CV-559 (CEJ)<br>) |
| MIDLAND FUNDING, LLC, | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the complaint for failure to state a claim. Plaintiffs have responded in opposition, and the issues are fully briefed.

### I.  **Background**

According to the complaint, plaintiffs Jorge and Sharie Carranza defaulted on a consumer credit card debt on June 13, 2009. The debt was charged-off in December 2009. In August 2014, plaintiffs were engaged in a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Missouri. In re Carranza, No. 14-46088 (Bankr. E.D. Mo. July 31, 2014). On August 20, 2014, defendant Midland Funding, LLC filed a proof of claim in the bankruptcy proceeding representing that it was entitled to an enforceable claim in the amount of $5,000.03 for the alleged credit card debt. Plaintiffs assert that at the time defendant filed the proof of claim it knew that any attempt to recover the debt was time-barred. Yet, defendant misrepresented to plaintiffs that the debt was legally enforceable.

Plaintiffs claim that defendant's attempt to collect the time-barred debt violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* In the instant motion, defendant asserts that plaintiffs' FDCPA claim fails as a matter of law.

II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of

public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). The underlying bankruptcy proceeding relevant in this matter incorporates public records. See In re Carranza, No. 14-46088 (Bankr. E.D. Mo. July 31, 2014). Accordingly, the documents filed in this bankruptcy proceeding are materials necessarily embraced by the complaint, and the Court may consider these in ruling on the motion to dismiss.

### III. Discussion

In the complaint, plaintiffs assert that defendant's attempt to collect a time-barred debt by filing a proof of claim in the bankruptcy proceeding violated §§ 1692d-f of the FDCPA. In the instant motion, defendant argues that plaintiffs' FDCPA claim must be dismissed because it is precluded by the Bankruptcy Code. In the alternative, defendant argues that plaintiffs have failed to state a claim under the FDCPA because there was nothing false, deceptive, misleading, harassing, oppressive, abusive, unfair, or unconscionable about the filing of its proof of claim in the bankruptcy proceeding.

#### A. Bankruptcy Court Procedures

Under the Bankruptcy Code, a "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). The Code equates an "order for relief" with the filing of a voluntary bankruptcy. § 301(b). "Debt" means "liability on a claim." § 101(12). A creditor then "is an entity that holds a prepetition debt or claim against the debtor." In re Keeler, 440 B.R. 354, 360 (Bankr. E.D. Pa. 2009). "When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim—

*i.e.*, a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A)—against the debtor's estate." Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co., 549 U.S. 443, 449 (2007); see § 501(a) ("A creditor . . . may file a proof of claim.").

The Code defines "claim" broadly as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 101(5)(A). Pursuant to Rule 3002(a) of the Federal Rules of Bankruptcy Procedure, an unsecured creditor must file a proof of claim for the claim to be included in the debtor's payment plan (with exceptions not applicable here). The requirements for a proof of claim are set forth in Rule 3001, including that the proof of claim be in writing and substantially conform to the appropriate official form, be executed by a creditor or an authorized agent, and be accompanied by an original or a duplicate of a writing if based on that writing. Fed. R. Bankr. P. 3001(a)-(c). Under Rule 3001(f), a proof of claim executed and filed in accordance with the applicable rules constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

The filing of a proof of claim does not automatically result in payment of that claim from the debtors' estate, however. Rather, "[o]nce a proof of claim has been filed, the court must determine whether the claim is 'allowed' under § 502(a) of the Bankruptcy Code." Travelers, 549 U.S. at 449. As a matter of course, the claim is allowed, "unless a party in interest . . . objects." § 502(a). Pursuant to Rule 3007, an objection to a claim must be in writing, filed, and served at least 30 days before the hearing. Fed. R. Bankr. P. 3007(a). Upon an objection, the bankruptcy court

4

decides whether to allow or disallow the claim. An objected-to claim will not be allowed if "such claim is unenforceable against the debtor . . . under any agreement or applicable law." § 502(b)(1). "Therefore, if as of the date of the debtor's bankruptcy filing a creditor's claim was barred by the applicable statute of limitations, then the claim must be disallowed upon objection by a party in interest." In re Keeler, 440 B.R. at 360. It likewise follows that "[s]ince one ground of unenforceability is the expiration of the limitations period, the Code clearly contemplates the filing of proofs of claim on claims barred by the statute of limitations, with such claims to be allowed without objection or disallowed upon objection." Johnson v. Midland Funding, LLC, 528 B.R. 462, 468 (S.D. Ala. 2015) (footnote omitted).

In determining the validity of a creditor's claim, the "basic federal rule in bankruptcy is that state law governs the substance of claims." Travelers, 549 U.S. at 450 (internal quotations omitted). "Accordingly, when the Bankruptcy Code uses the word 'claim'—which the Code itself defines as a 'right to payment,' 11 U.S.C. § 101(5)(A)—it is usually referring to a right to payment recognized under state law." Id. at 451. "Thus, if a creditor has a right to payment . . . recognized by applicable state law despite the lapse of the limitations period, he has a claim for such time-barred debt and is entitled to file a proof of claim as to such time-barred debt." Johnson, 528 B.R. at 465.

In Missouri, "statutes of limitations serve merely to bar a remedy; they do not extinguish the underlying right." Stegall v. Peoples Bank of Cuba, 270 S.W.3d 500, 505 (Mo. Ct. App. 2008); see also Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001) ("As several cases have noted, a statute of

5

limitations does not eliminate the debt; it merely limits the judicial remedies available."). Accordingly, under relevant state law, defendant held a valid, albeit time-barred, debt with a consequent entitlement under the Bankruptcy Code and Rules to file a proof of claim, even though it could not bring suit in state court and obtain a judicial recovery against plaintiffs due to the staleness of the claim. A "right to payment" as contemplated by § 101(5) of the Code does not cease to exist the moment the statute of limitations on a debt expires.

**B. Preclusion**

With respect to issue preclusion, "[t]he proper inquiry . . . is whether the FDCPA claim raises a direct conflict between the Code or Rules and the FDCPA, or whether both can be enforced." Simon v. FIA Card Servs., N.A., 732 F.3d 259, 274 (3d Cir. 2013). "When two federal statutes address the same subject in different ways," preclusion results only if there is "either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); see also Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 381 (1996) ("The rarity with which we have discovered implied repeals is due to the relatively stringent standard for such findings, namely, that there be an 'irreconcilable conflict' between the two federal statutes at issue.") (internal quotations omitted). No statutory provision expressly indicates that FDCPA claims cannot arise from the filing of a claim in bankruptcy. Thus, the Court must determine whether the FDCPA is in irreconcilable conflict with the Bankruptcy Code and Rules such that the latter impliedly repeals the former.

6

Pursuant to Supreme Court precedent, "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Morton v. Mancari, 417 U.S. 535, 551 (1974); accord J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred International, Inc., 534 U.S. 124, 143-44 (2001). "It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." Radzanower v. Touche Ross & Co., 426 U.S. 148, 153 (1976). "[R]epeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal [is] clear and manifest." Hawaii v. Office of Hawaiian Affairs, 556 U.S. 163, 175 (2009) (quoting Nat'l Assn. of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 662 (2007)). Courts should "not infer a statutory repeal unless the later statute expressly contradicts the original act or unless such a construction is absolutely necessary in order that the words of the later statute shall have any meaning at all." Nat'l Ass'n of Home Builders, 551 U.S. at 662 (alterations and internal quotations omitted); see also Branch v. Smith, 538 U.S. 254, 273 (2003) ("An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute.") (internal quotations omitted). Statutory provisions are only in irreconcilable conflict when "there is a positive repugnancy between them or . . . they cannot mutually coexist." Radzanower, 426 U.S. at 155.

The appellate courts have reached varying conclusions as to whether and when the Bankruptcy Code precludes FDCPA claims arising from debt collection

conduct in bankruptcy proceedings. Compare Simmons v. Roundup Funding, LLC, 622 F.3d 93 (2d Cir. 2010) (finding that FDCPA claims were precluded by the Bankruptcy Code) and Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002) (same) with Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004) (finding that FDCPA claims were not precluded by the Bankruptcy Code) and Simon v. FIA Card Servs., N.A., 732 F.3d 259 (3d Cir. 2013) (same). The Eighth Circuit has not yet spoken on this issue.

The Court agrees with the Seventh Circuit's conclusion that the operational differences in the Bankruptcy Code and Rules and the FDCPA "do not . . . add up to irreconcilable conflict." Randolph, 368 F.3d at 730. Instead, the two statutes "overlap, each with coverage that the other lacks—the Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy." Id. at 731. "Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both." Id. "It is easy [for courts] to enforce both statutes, and any debt collector can comply with both simultaneously." Id. at 730.

The Bankruptcy Code applies to all creditors and invests creditors with the right, but not the obligation, to file time-barred proofs of claim. The Code provides the remedy of disallowance if the claim in a proof of claim is unenforceable under state law per an applicable statute of limitations. See 11 U.S.C. § 502(b)(1). This remedy does not include damages or attorney fees. The FDCPA, on the other hand, applies only to debt collectors pursuing consumer debts and prohibits, among other things, false representation of the character or legal status of a debt or a threat to

take action that cannot legally be taken.  See 15 U.S.C. § 1692e.  When the elements of an FDCPA claim are established, the FDCPA offers the remedies of statutory damages and an award of attorney's fees.  See § 1692k.  As in Randolph, this "statutory overlap in no way prevents courts from enforcing the provisions of both the Code and the FDCPA, nor does it present debt collectors with any difficulty in complying with both statutes."  In re LaGrone, 525 B.R. 419, 424 (Bankr. N.D. Ill. 2015).  A debt collector can comply with both the Bankruptcy Code and the FDCPA by not engaging in false, deceptive or misleading representations when filing a lawfully permitted proof of claim in a bankruptcy proceeding.

Defendant argues that plaintiffs' FDCPA claim is precluded by the Bankruptcy Code, because the Code supplies the exclusive remedies for allegedly wrongful conduct that occurs within a bankruptcy case.  To address the possibility of misconduct in a bankruptcy proceeding, the Bankruptcy Code and Rules do "contain a panoply of remedies . . . 'designed to preclude the misuse of the bankruptcy process.'"  In re McCarther-Morgan, Adv. No. 07-90654, 2009 WL 7810817, at *6 (B.A.P. 9th Cir. 2009) (quoting MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 915 (9th Cir. 1996)); see, e.g., Fed. R. Bankr. P. 9011 (sanctions for frivolous and harassing filings); 11 U.S.C. § 105(a) (authority to prevent abuse of process); § 303(i)(2) (bad faith filing of involuntary petitions); § 362(h) (willful violation of stays); § 707(b) (dismissal for substantial abuse); § 930 (dismissal under chapter 9); § 1112 (dismissal under chapter 11); see also In re Chaussee, 399 B.R. 225, 234 (B.A.P. 9th Cir. 2008) ("Bankruptcy courts require full control of the remedies available for addressing improprieties occurring in the cases on their dockets.").

However, "[t]he existence of the proof-of-claim process and the remedies for erroneous claims in bankruptcy proceedings is not, by itself, a reason to exclude proofs of claim from coverage under the FDCPA." Robinson v. eCast Settlement Corp., No. 14-CV-8277, 2015 WL 494626, at *2 (N.D. Ill. Feb. 3, 2015). If the remedies under the Bankruptcy Code were the only recourse against debt collection efforts in bankruptcy proceedings, negligent attempts to collect from debtors during or after bankruptcy could not yield liability. Randolph, 368 F.3d at 728. "Permitting remedies for negligent falsehoods" in proofs of claims "would not contradict any portion of the Bankruptcy Code, which therefore cannot be deemed to have repealed or curtailed § 1692e(2)(A) by implication." Id. at 732-33. "[A] debtor's remedies under the Bankruptcy Code are not his sole remedies for a creditor's wrongful conduct in a bankruptcy case, if the conduct also constitutes a violation of the FDCPA." In re Seak, No. 3:13-BK-5446-PMG, 2015 WL 631578, at *2 (Bankr. M.D. Fla. Jan. 22, 2015).

Because the overlap between the two statutes does not present an irreconcilable conflict, the Bankruptcy Code does not preclude plaintiff's FDCPA claim. Thus, the "right to file a proof of claim in bankruptcy and the FDCPA's prohibition on false or deceptive representations can coexist," and a debt collector's misconduct in filing a proof of claim in a bankruptcy proceeding can be the basis for a cause of action under the FDCPA. Robinson, 2015 WL 494626, at *2.

### C. Alleged Violations of the FDCPA

Plaintiffs allege that defendant's filing of the time-barred proof of notice in the bankruptcy proceeding violated 15 U.S.C. §§ 1692d-f. Section 1692d states: "A debt collector may not engage in any conduct the natural consequence of which

is to harass, oppress, or abuse any person in connection with the collection of a debt." The section provides examples of specific conduct that constitutes a violation, including the use or threat of use of violence or other criminal means to harm the person, reputation, or property of any person, the use of obscene or profane language, and advertising the debt for sale to coerce payment. § 1692d(1), (2), (4). Section 1692e prohibits a debt collector's use of "any false deceptive, or misleading representation or means in connection with the collection of any debt." This includes falsely representing "the character, amount, or legal status of any debt," or threatening "to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(2)(A), (5). Section 1692f generally prohibits "unfair or unconscionable" debt collection activities.

According to the record of the filings in plaintiffs' bankruptcy case, plaintiffs filed their Chapter 13 voluntary petition with schedules and statements on July 31, 2014. In re Carranza, No. 14-46088 (Bankr. E.D. Mo. July 31, 2014) [Doc. #1]. In Schedule F of the petition, plaintiffs listed Citifinancial, the original creditor for the debt at issue in this case, as an undisputed creditor holding an unsecured claim for an undisclosed amount of consumer debt. The meeting of creditors was scheduled for August 27, 2014 and creditors were required to file their proofs of claims by November 25, 2014. Id. [Doc. #7]. All creditors listed in the schedules with plaintiffs' petition were notified of the meeting and pertinent deadlines. Id. [Doc. #8]. Following a hearing on October 3, 2014, plaintiffs' Chapter 13 plan was confirmed, establishing the amount of payment plaintiffs would provide to the trustee each month and the length of time for which plaintiffs would make payments. Id. [Doc. #21].

11

Defendant timely filed a proof of claim in the matter disclosing the "date of last transaction," the "charge-off date," and plaintiffs' "date of last payment" on the debt, which indicated that the debt was stale. On February 10, 2015, plaintiffs, through counsel, filed an objection to the claim filed by defendant, asserting that the debt was time-barred. Id. [Doc. #28]. Defendant did not respond in opposition to the objection and the bankruptcy judge sustained the objection on March 9, 2015, disallowing defendant's claim in its entirety. Id. [Doc. #30].

The allegations in the complaint do not state a claim for relief under §§ 1692d-f of the FDCPA. "[T]here is no 'threat' in a proof of claim that accurately reflects information about an unsecured debt the debtor[s] ha[ve] listed on [their] own schedules." In re Dunaway, Case No. 14-41073-13-DRD, 2015 WL 2414866, at *4 (Bankr. W.D. Mo. May 19, 2015). "It is neither a lawsuit nor a threat of a lawsuit; it's a statement that a debt exists and its amount and there is no prohibition in the Bankruptcy Code against filing a proof of claim on an unsecured, stale debt." Donaldson v. LVNV Funding, LLC, Case No. 1-14-cv-01979-LJM-TAB, 2015 WL 1539607, at *5 (S.D. Ind. Apr. 7, 2015); Robinson, 2015 WL 494626, at *3 ("[A] proof of claim submitted on a court-approved form, fully compliant with Rule 3001(c)(3), is a neutral statement that a debt existed at a certain time and is now owned by the claimant.").

Similarly, "[a] factual, true statement about the existence of a debt and the amount, which is recognized in the debtor[s'] own bankruptcy schedules, is neither false nor deceptive." Donaldson, 2015 WL 1539607, at *5. Plaintiffs listed the debt at issue on their schedules as unsecured, indicating the intent to include it in any discharge that resulted from the bankruptcy. A proof of claim that accurately

12

reflects information on the debt, including the date of last payment, date the account was charged-off by the original creditor, and the last transaction date is not false, deceptive or misleading on its face. See Gatewood v. CP Medical, LLC, No. 15-6008, at *10 (B.A.P. 8th Cir. July 10, 2015) ("To then sue [the creditor] under the FDCPA for doing that which it was invited to do—file an accurate proof of claim—offends the senses."). Filing a proof of claim on a time-barred debt also does not mischaracterize the legal status of the debt, because under Missouri law, a debt that is legally unenforceable pursuant to a statute of limitations is not extinguished; "the money is still owed and the FDCPA only regulates the remedies available to the debt collector." Donaldson, 2015 WL 1539607, at *4; see Stegall, 270 S.W.3d at 505 (stating that "statutes of limitation serve merely to bar a remedy; they do not extinguish the underlying right"); see also Gatewood, No. 15-6008, at * 10 ("There is nothing improper about attempting to collect on a time-barred debt since the debt remains.").

Furthermore, "there is nothing unconscionable or unfair about filing a proof of claim that contains truthful and accurate information on a debt that is known to debtors and their attorney." In re Dunaway, 2015 WL 2414866, at *4. As explained by one bankruptcy court:

> Certainly [it] is something of a burden [to object to creditor's proofs of claim], but why would it be an unfair burden? Debtors in chapter 13 voluntarily file their cases, submitting themselves to an adjustment of their debts. A part of this voluntary process necessarily involves them in a claims analysis, making any argument by a debtor that is burdensome for the debtor to examine proofs of claims a hollow one.

In re Yancey, 301 B.R. 861, 870 (Bankr. W.D. Tenn. 2003). The objection plaintiffs, through counsel, filed in this case to defendant's proof of claim demonstrate that "an objection is a relatively simple pleading." Id. The reasons

13

cited in plaintiffs' objection consist of a single page. "There is nothing to indicate that the proofs of claim in this or other chapter 13 cases in this district are difficult to see or review." Id. The bankruptcy court summarily disposed of plaintiffs' objection without apparent complication, undue delay or expense. The claims objection process, thus, was not unfair to plaintiffs.

Courts have interpreted the FDCPA as prohibiting a debt collector from filing untimely lawsuits to collect a consumer debt after the statute of limitations, but that logic does not extend to a creditor filing a valid proof of claim on a stale debt in a bankruptcy proceeding. See Freyermuth, 248 F.3d at 771 ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."). In litigation proceedings, courts have found that unsophisticated consumers are in particularly disadvantaged positions to defend against stale debts, making untimely collection lawsuits both deceptive and unfair. See In re LaGrone, 525 B.R. at 426 (discussing Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013)). The Eleventh Circuit has held that the same rationale for prohibiting untimely debt collection lawsuits applies to debt collectors filing bankruptcy proofs of claims on stale debt. Crawford v. LVNV Funding, LLC, 758 F.3d 1254 (11th Cir. 2014). Other courts, however, have provided compelling explanations of the differences between collection lawsuits and proofs of claims, indicating that the deception and unfairness of untimely lawsuits is not present in the bankruptcy claims process. See, e.g., In re LaGrone, 525 B.R. at 426-27 (explaining the flaws in the logic of the Eleventh Circuit's reasoning in Crawford).

First, in a collection lawsuit, debtors themselves must assert the statute of limitations as an affirmative defense in an answer. "Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to 'examine proofs of claims and object to the allowance of any claim that is improper.'" Id. at 426 (quoting 11 U.S.C. § 704(a)(5), applicable in Chapter 13 under § 1302(b)(1)); see also In re Mid-States Express, Inc., 433 B.R. 688, 697 (Bankr. N.D. Ill. 2010) ("The trustee has a duty to object to improper claims.").

Second, debtors in bankruptcy cases are likely to be represented by an attorney who can advise them of the existence of a statute of limitations defense and file an objection if the trustee does not, as occurred here. In re LaGrone, 525 B.R. at 427; see also Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769, 775 (7th Cir. 2007) ("[A] representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable.").

Third, a debtor in a bankruptcy proceeding "has much less at stake in the allowance of a proof of claim than a defendant facing the prospect of an adverse judgment in a collection lawsuit." In re LaGrone, 525 B.R. at 426. "A proof of claim does not result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors." Id. In Chapter 13 cases, like the one here, creditors are paid through a plan the debtors proposed prior to the deadline for filing proofs of claims. Where debtors propose to pay the creditors less than the full amount on their claims, the plan amount is a lump sum that will be distributed to unsecured creditors pro rata. "[T]he debtor[s] will pay the same total amount to creditors, regardless of whether particular proofs of

claims are disallowed." Id. at 427 (footnote omitted). Thus, the allowance of a time-barred claim in a bankruptcy proceeding produces a much smaller effect on a debtor than would a civil judgment.

Finally, even if the trustee fails to file a claim objection and the debtor is unrepresented, "it would be easier . . . for the individual debtor to file a claim objection pro se than to deal with an untimely collection lawsuit." Id. at 427. Rule 3001(c)(3) of the Federal Rules of Bankruptcy Procedure requires a claim for credit card debt to list "the creditor who held the debt at the time of the account holder's last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss." Id. "As explained in the Advisory Committee Notes to the 2012 Amendments, these required disclosures were designed to provide a basis for assessing the timeliness of the claim." Id. (internal quotations omitted). Thus, "unlike the consumer who has only the information required in a state court complaint, a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired." Id. Here, defendant's proof of claim did not falsely assert that it was timely; it truthfully represented the date of last activity and provided all other information required by the Bankruptcy Rules. Based on the information provided in defendant's proof of claim, plaintiffs timely asserted a successful objection that blocked defendant from collecting on the stale debt.

Accordingly, the Court concludes "that a time-barred proof of claim that complies with the Bankruptcy Rules does not purport to be anything other than a claim subject to dispute in the bankruptcy case—it is not deceptive, false, or misleading." Robinson, 2015 WL 494626, at *3 (footnote omitted). As other

16

courts have observed, it is true "that debtors and bankruptcy trustees must be vigilant in reviewing proofs of claim, so that a distribution is not provided to those holding claims barred by the statute of limitations." In re Keeler, 440 B.R. at 368. Unless or until the Bankruptcy Code is amended, however, debt collectors such as defendant are entitled to file proofs of claim for even stale debts in bankruptcy proceedings. Absent some impropriety in completing the proof of claim form that amounts to abusive, false, deceptive, misleading or unconscionable conduct in violation of the FDCPA, the debtor is not entitled to relief under the FDCPA. By alleging only that defendant filed an untimely proof of claim in plaintiffs' bankruptcy proceeding, the complaint fails to state an adequate claim for relief.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #8] is **granted**.

An order of dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2015.